IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LAURA L. ROZUMALSKI, | ) |
| | ) |
| Plaintiff, | ) **Case No. 17-CV-523** |
| | ) |
| v. | ) |
| | ) |
| | ) |
| W.F. BAIRD & ASSOCIATES LTD., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Laura L. Rozumalski ("Rozumalski"), by her attorneys, Cross, Jenks, Mercer & Maffei LLP, for her Complaint against Defendant, W.F. Baird & Associates Ltd. ("Baird"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), seeking to redress unlawful employment discrimination (discrimination in terms, conditions and privileges of employment on the basis of sex; termination based on sex; discrimination in terms, conditions and privileges of employment based on opposition of unlawful employment practice(s); termination based on opposition of unlawful employment practice(s)).

2. Plaintiff demands trial by jury on all counts and claims for which a jury is authorized.

### JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 2000e-5.

4. Venue in this District is proper because the unlawful conduct alleged herein was committed within the boundaries of the Western District of Wisconsin and the corporate defendants is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff, Laura L. Rozumalski, is an adult resident of the State of Wisconsin with a present address of 616 Crandall Street, Madison, Wisconsin 53711.

6. Defendant, W.F. Baird & Associates Ltd., is a foreign business corporation with its principal office located at 1209 Orange Street, Wilmington, DE 19801. W.F. Baird & Associates Ltd.'s registered agent for service is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

## FACTUAL ALLEGATIONS

7. Rozumalski is a Professional Engineer licensed by the State of Wisconsin. At times relevant to this Complaint, Rozumalski was an employee of Baird as defined by 42 U.S.C. § 2000e(f).

8. Baird is an engineering firm. At times relevant to this Complaint, W.F. Baird & Associates was Rozumalski's employer, as defined by 29 U.S.C. § 2000e(b).

9. During her employment with Baird, Rozumalski worked primarily from the firm's Madison, Wisconsin office.

10. Rozumalski filed a Discrimination Complaint with the State of Wisconsin Department of Workforce Development Equal Rights Division ("Equal Rights Division"). The Equal Rights Division received said Discrimination Complaint on March 24, 2015. The Discrimination Complaint was cross-filed with the United States Equal Employment Opportunity

Commission ("EEOC"). The EEOC received the Discrimination Complaint on April 1, 2015 as EEOC Charge No. 26G-2015-00622.

11.     Less than 90 days before the filing of this Complaint, Rozumalski received a Right To Sue Letter dated October April 12, 2017. A copy of the Right To Sue Letter is attached hereto as Exhibit A.

12.     Rozumalski was hired as a Water Resource Manager with Baird in August 2010.

13.     In 2011, Baird recommended Rozumalski to the State of Wisconsin to be licensed as a Professional Engineer.

14.     Throughout her employment, and until Baird's discrimination and retaliation began, Rozumalski received consistently positive performance evaluations from Baird, as well as monetary bonuses, salary increases, share offers and promotions.

15.     In 2012, Rozumalski was sexually assaulted by her direct supervisor, Mark Riedel ("Riedel"), during a work-related social event with clients.

16.     Prior to Riedel's sexual assault of Rozumalski in 2012, Rozumalski complained to Baird management about Riedel's inappropriate behavior. Baird management did nothing to address this issue.

17.     During her first formal performance review after she was sexually assaulted, Baird management insinuated that Rozumalski invited the sexual assault by staying out too long with coworkers and clients. Her written performance review stated, in part, "Wanted to mention client behavior during the whole event with Mark. Ok to have dinner and a couple drinks but important to know the appropriate time to bail out."

18. On information and belief, Baird has never indicated during a performance evaluation that a male engineer should "bail out" early from a client event.

19. Riedel was subsequently terminated from Baird, and was hired by another engineering firm that was located close to Baird's Madison office and with which Baird often transacted business.

20. Despite terminating Riedel for sexually assaulting Rozumalski, Baird required that Rozumalski continue to work with Riedel in his role at his new employment.

21. Despite terminating Riedel for sexually assaulting Rozumalski, Baird continue to invite and welcome Riedel to Baird social functions, with the knowledge that Rozumalski would also be in attendance.

22. Alex Brunton ("Brunton") was appointed as Rozumalski's direct supervisor in 2013 after Riedel's termination. Brunton worked primarily out of Baird's Ottawa, Canada office. Brunton was close friends with Riedel, Rozumalski's harasser.

23. In 2013, Rozumalski was promoted to Lead of the Rivers and Watersheds Core Service Area.

24. In or around December 2013, Brunton contacted Rozumalski via telephone to advise her that he would be traveling to the Madison, Wisconsin office to conduct her annual performance review. Brunton advised Rozumalski that his feedback would be "all good things."

25. Baird's discrimination and retaliation against Rozumalski began on or about December 10, 2013, the date of her performance review with Brunton.

26. Rozumalski received positive feedback, a promotion, a monetary bonus and a share offer in 2013, and just days prior to her performance review from Brunton, Brunton assured

Rozumalski that his feedback would be "all good things". Nonetheless, when Brunton met with Rozumalski to conduct her performance review on or about December 10, 2013, his feedback was negative, and Brunton accused Rozumalski of incompetence.

27. The abrupt change in Brunton's attitude toward Rozumalski can only be explained by the meeting that Brunton had with Riedel the morning of Rozumalski's performance evaluation. Although Riedel was no longer employed with Baird, he continued to influence Baird's management with respect to Rozumalski.

28. When Rozumalski brought Brunton's drastic about-face regarding her performance to the attention of other members of Baird management, Rozumalski was told that she was being "emotional" and "irrational".

29. On information and belief, Baird management has never advised a male engineer that he was being "emotional" or "irrational" when he raised a concern about a supervisor.

30. In retaliation for her complaint about Brunton, Baird management placed Rozumalski on an Employee Improvement Plan ("EIP").

31. As part of her EIP, Rozumalski was largely stripped of her professional duties and instead was given menial, clerical tasks, such as renaming PDF documents.

32. On information and belief, Baird has not placed any male engineers on an EIP within the past five years.

33. On information and belief, Baird has not required any male Professional Engineers to perform the same clerical assignments with which it tasked Rozumalski.

34. During the pendency of her EIP, Rozumalski continued to receive praise from her clients. Nonetheless, Brunton filed false, negative reports regarding Rozumalski's work. None of

Rozumalski's complaints about the negative reports were retained by Baird in Rozumalski's personnel file.

35. On or about June 23, 2014, just days prior to the fulfillment of her EIP, Brunton manufactured a "crisis" during Rozumalski's lunch break and claimed that he could not reach her, despite failing to call her on her cell phone.

36. As a result of Brunton's claimed inability to reach Rozumalski, Baird terminated Rozumalski's employment on or about June 23, 2014.

37. On information and belief, Baird has never terminated a male engineer's employment based on a supervisor's inability to immediately reach the engineer, without first attempting to call the engineer on his cell phone.

38. At all times during her employment with Baird, Rozumalski was qualified for her job as engineer with Baird and was meeting or exceeding her employer's expectations with respect to her job performance.

39. Rozumalski was disciplined and terminated based on her sex, and based on her ongoing opposition to both Riedel's sexual assault of her and Baird's retaliation against her.

## CLAIM

40. Through the aforementioned conduct, Baird discriminated against Rozumalski based on her sex and because she opposed unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended.

41. The aforementioned discrimination has resulted in damages to Rozumalski including, but not limited to, loss of pay, loss of benefits, emotional anguish and inconvenience.

42.     The foregoing acts of Baird, its agents and employees, were deliberate, intentional, willful, wanton and malicious and taken with reckless disregard of plaintiff's civil rights, thereby entitling plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A.  Awarding plaintiff back pay, front pay, compensatory damages and punitive damages against defendant.

B.  Determining and awarding a reasonable attorney's fee and the costs and expenses of this action to plaintiff.

C.  Awarding prejudgment and postjudgment interest as provided by law.

D.  Any other relief to which plaintiff may be entitled at law or in equity.

Dated this 6th day of July, 2017.

**CROSS, JENKS, MERCER & MAFFEI LLP**
Attorneys for Plaintiff

By: _____
Nicole Marklein Bacher
State Bar Number: 1055685

221 Third Avenue
P.O. Box 556
Baraboo, WI 53913-0556

Telephone: (608) 356-3981
Fax: (608) 356-1179

7