IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAURA L. ROZUMALSKI,

      Plaintiff,

v.

W.F. BAIRD & ASSOCIATES LTD.,

      Defendant.

Case No: 17-CV-523

**DEFENDANT W.F. BAIRD & ASSOCIATES LTD.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendant, W.F. Baird & Associates Ltd. ("Baird"), for its Answer and Affirmative and Other Defenses to the Complaint filed by Plaintiff, Laura L. Rozumalski ("Plaintiff"), states as follows:

**GENERAL DENIAL**

Baird denies that it has violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Baird further denies that Plaintiff is entitled to any of the relief requested in her Complaint.

**NATURE OF THE ACTION**

1. The allegations of Paragraph 1 summarize the federal statute under which Plaintiff's claims asserted in the Complaint arise. The Complaint is in writing and speaks for itself. Baird denies that it has violated Title VII and denies all allegations of discrimination and retaliation set forth in Paragraph 1.

2. Paragraph 2 is a jury demand and does not require a response.

## JURISDICTION AND VENUE

3. The allegations of Paragraph 3 are legal conclusions to which Baird is not required to respond. To the extent that any response is required, Baird does not challenge Plaintiff's assertion of subject-matter jurisdiction at this time.

4. The allegations of Paragraph 4 are legal conclusions to which Baird is not required to respond. To the extent that any response is required, Baird admits that it has contacts with the Western District of Wisconsin and conducts business in the Western District of Wisconsin. Baird does not contest venue and does not contest personal jurisdiction. Baird denies all of the remaining allegations made and contained in Paragraph 4.

## PARTIES

5. Baird is without knowledge or information sufficient to admit or deny the allegations made and contained in Paragraph 5, and therefore denies the same.

6. Baird admits the allegations made and contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7. Baird admits the allegations made and contained in the first sentence of Paragraph 7. The second sentence of Paragraph 7 contains a legal conclusion to which Baird is not required to respond. To the extent a response is necessary, Baird admits that Plaintiff was previously employed by Baird.

8. Baird admits the allegation made and contained in the first sentence of Paragraph 8. The second sentence of Paragraph 8 contains a legal conclusion to which

Baird is not required to respond. To the extent a response is necessary, Baird admits that it previously employed Plaintiff.

9. Baird admits the allegations made and contained in Paragraph 9.

10. Baird admits the allegations made and contained in the first sentence of Paragraph 10. Baird admits the allegations made and contained in the second sentence of Paragraph 10. Baird admits the allegations made and contained in the third sentence of Paragraph 10. Baird admits the allegation made and contained in the fourth sentence of Paragraph 10 that the EEOC Charge Number is 26G-2015-00622. Baird is without knowledge or information sufficient to admit or deny the remainder of the allegations made and contained in the fourth sentence of Paragraph 10, and therefore denies the same.

11. Baird is without information sufficient to admit or deny the allegations made and contained in the first sentence of Paragraph 11, and therefore denies the same. Marten admits that Plaintiff attached a document purporting to be a "Notice of Right to Sue" to her Complaint as Exhibit A, which is a writing that speaks for itself.

12. Baird admits the allegations made and contained in Paragraph 12.

13. Baird admits the allegations made and contained in Paragraph 13.

14. Baird denies the allegations made and contained in Paragraph 14.

15. The allegations made and contained in Paragraph 15 are a legal conclusion to which Baird is not required to respond. To the extent a response is necessary, Baird denies that Plaintiff was sexually assaulted by Mark Riedel. Baird affirmatively states

that Baird thoroughly investigated and resolved to Plaintiff's satisfaction a harassment incident involving Plaintiff and Mark Riedel.

16. Baird denies the allegations made and contained in Paragraph 16.

17. Baird denies the allegations made and contained in the first sentence of Paragraph 17. Baird admits that a document appended to Plaintiff's November 21, 2012, performance review included the quoted statements contained in the second sentence of Paragraph 17.

18. Baird denies the allegations made and contained in Paragraph 18.

19. Baird only admits the allegation made and contained in Paragraph 19 that Baird terminated Mark Riedel. Baird denies the remaining allegations made and contained in Paragraph 19.

20. Baird denies the allegations made and contained in Paragraph 20.

21. Baird denies the allegations made and contained in Paragraph 21.

22. Baird admits the allegations made and contained in Paragraph 22 that Alex Brunton was appointed Plaintiff's supervisor in 2013 and that he worked primarily out of Baird's Oakville, Canada office. Baird is without knowledge or information sufficient to admit or deny the existence or state of Mr. Brunton's purported friendship with Mr. Riedel.

23. Baird denies the allegations made and contained in Paragraph 23 except to admit that in 2013, Plaintiff was given more responsibility to lead the Rivers and Watershed Core Service business development in the United States.

24. Baird admits the allegations made and contained in the first sentence of Paragraph 24. Baird denies the allegations made and contained in the second sentence of Paragraph 24.

25. The allegations made and contained in Paragraph 25 are a legal conclusion to which Baird is not required to respond. To the extent a response is necessary, Baird denies the allegations made and contained in Paragraph 25.

26. Baird denies the allegations made and contained in Paragraph 26, with the exception that Baird admits that Mr. Brunton did provide negative feedback to Plaintiff regarding her work performance.

27. Baird denies the allegations made and contained in Paragraph 27.

28. Baird denies the allegations made and contained in Paragraph 28.

29. Baird admits the allegations made and contained in Paragraph 29.

30. The allegation made and contained in Paragraph 30 is a legal conclusion to which Baird is not required to respond. To the extent a response is necessary, Baird denies that it took any retaliatory action against Plaintiff. Baird admits the allegation made and contained in Paragraph 30 that Baird placed Plaintiff on an Employee Improvement Plan due to her poor performance issues.

31. Baird denies the allegations made and contained in Paragraph 31.

32. Baird denies the allegations made and contained in Paragraph 32.

33. Baird denies the allegations made and contained in Paragraph 33.

34. Baird denies the allegations made and contained in Paragraph 34.

35. Baird denies the allegations made and contained in Paragraph 35.

36. Baird only admits the allegation made and contained in Paragraph 36 that Baird terminated Plaintiff's employment. Baird denies the remainder of the allegations made and contained in Paragraph 36. Baird affirmatively states that it terminated Plaintiff on or about June 25, 2014 for legitimate business reasons that were neither discriminatory nor retaliatory.

37. Baird denies the allegations and the characterization of Plaintiff's termination made and contained in Paragraph 37.

38. Baird denies the allegations made and contained in Paragraph 38.

39. Baird denies the allegations made and contained in Paragraph 39.

40. The allegation made and contained in Paragraph 40 is a legal conclusion to which Baird is not required to respond. To the extent a response is necessary, Baird denies the allegations made and contained in Paragraph 40.

41. Baird denies the allegations made and contained in Paragraph 41.

42. Baird denies the allegations made and contained in Paragraph 42.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

2. Baird acted reasonably and in good faith with respect to Plaintiff at all times pertinent to her former employment with Defendant.

3. All actions taken by Baird with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory or non-retaliatory reasons.

4.  All actions taken by Baird with regarding to Plaintiff were taken based on reasonable factors other than her sex.

5.  Plaintiff's claims for damages under federal law are subject to the limitations set forth by 42 U.S.C. § 1981a(b)(3).

6.  Plaintiff's claims and/or damages are barred and/or limited by the after-acquired evidence doctrine.

7.  Baird has at all times pertinent to Plaintiff's claims adopted appropriate policies and made good faith efforts to comply with applicable federal and state anti-discrimination laws. Some or all of Plaintiff's claims and request for damages are barred because even if any unlawful discrimination occurred (which Baird expressly denies), such conduct was and is prohibited by Baird's policies and was not committed or authorized by it. Baird never authorized, ratified, or participated in any discriminatory or retaliatory conduct regarding Plaintiff.

8.  To the extent that it might be determined that Plaintiff was subject to discriminatory or retaliatory employment decisions by one or more of Baird's managerial agents (which Baird expressly denies), any such decisions were contrary to its good faith efforts to comply with federal and state law, including Title VII of the Civil Rights Act of 1964, and were not committed or authorized by Baird.

9.  Plaintiff failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

10. By her own conduct, Plaintiff is estopped from contending that Baird's decisions relating to her employment were discriminatory or retaliatory.

7

11. Plaintiff's claim and request for damages are barred because Plaintiff was not meeting the employer's legitimate expectations.

12. Plaintiff's claim and request for damages are barred because Baird thoroughly investigated and resolved to Plaintiff's satisfaction a harassment incident involving Plaintiff and Mark Riedel.

13. To the extent Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own conduct, acts, or omissions.

14. Baird relief on all proper defenses lawfully available that may be disclosed by the evidence in the instant case and reserved the right to amend this pleading to state such other affirmative and additional defenses and/or to otherwise supplement this pleading upon discovery of facts or evidence rendering such action appropriate.

**WHEREFORE**, Defendant, W.F. Baird & Associates Ltd., respectfully requests that the Court enter judgment in its favor and against Plaintiff, along with the costs of this action, attorneys' fees as allowable by law, and for such other relief as the Court deems just and proper.

Dated this 8th day of September, 2017.

**DEWITT ROSS & STEVENS** s.c.

By: /s/ *Jordan Rohlfing*
Stephen A. DiTullio (#1019446)
Jordan Rohlfing (#1088042)
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891

Attorneys for Defendant