UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LAURA L. ROZUMALSKI, | ) |
| Plaintiff, | ) ) ) Case No. 3:17-cv-523 |
| v. | ) ) ) |
| W.F. BAIRD & ASSOCIATES LTD., | ) ) ) ) |
| Defendant. | ) |

## PLAINTIFF LAURA L. ROZUMALSKI'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Laura L. Rozumalski ("Rozumalski"), by and through her attorneys, Cross, Jenks, Mercer & Maffei LLP, by Nicole Marklein Bacher, hereby requests that Defendant. W.F. Baird & Associates, Ltd. ("Defendant"), respond within thirty (30) days of service hereof to the Fourth Request for Production of Documents set forth herein and serve responses and responsive documents upon undersigned counsel.

### INSTRUCTIONS

1. Defendant must answer each request separately and fully in writing under oath, unless it is objected to, in which event the reason for objection must be stated in lieu of an answer.

2. In the event Defendant has no facts, knowledge, or information, theories or opinions responsive to any matter about which inquiry is made, such circumstance should expressly be stated. Where facts are set forth and answers or portions thereof are supplied upon information and belief rather than actual knowledge, Defendant shall so state.



3. Any information responsive to these requests which is not provided by reason of a claim of privilege or work product or for any other reason, shall be identified by (a) general subject matter, (b) identity of persons to whom the information, or any portion thereof, previously has been revealed, (c) source, (d) method of communication to Defendant or the manner in which Defendant acquired such knowledge, (e) the date of the communication or the date on which Defendant acquired knowledge of the information, and (f) the basis on which it is being withheld. To the extent that Defendant considers any request or portion thereof objectionable, Defendant must answer so much of the request as it is not considered objectionable, and separately state that part or aspect of the request to which Defendant objects and each ground for each such objection.

4. Defendant is under a duty to seasonably supplement its responses.

5. In answering the following discovery requests, Defendant is required to furnish information that is available to Defendant or subject to Defendant's reasonable inquiry, including information in possession of Defendant's attorneys, advisors, or other persons, firms, partnerships, corporations or associations directly or indirectly employed by or connected with Defendant or anyone else otherwise subject to Defendant's control.

6. Every request for production of documents is intended to include therein a request for any responsive documents which Defendant has in its possession, Defendant's attorneys have in their possession, or to which Defendant is entitled to obtain possession from any source. To the extent Defendant already produced responsive documents to Rozumalski, Defendant must identify the responsive documents.

7. Whenever you are asked to describe a document, a copy of the document may be attached to your answers or specific reference thereto may be made if the document is simultaneously produced for inspection or has been previously produced.

## DEFINITIONS

1. As used herein, the words "You", "Your", "Baird", "the Company" or other similar pronouns means Defendant, W.F. Baird & Associates, Ltd. and its agents, attorneys, and any other person operating on its behalf.

2. As used herein, the words "Document" or "Documents" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character in your possession and/or control or known by you to exist. Without limiting the generality of the foregoing, "document" includes advertisements, books, calculations, charts, computer printouts, forms, graphs, indexes, invoices, pamphlets, periodicals, photographs, studies, memoranda, correspondence, emails, letters, designs, drawings, plans, agreements, contracts, checks, diaries, telephone calls, records, slips, inspections, inspection reports, tabulations, work papers, prints, slides, movies, videotapes, or any other pictorial

representation of any kind, tape recordings or other mechanical, electronic or computerized recording, data or programs, notes, telegrams, bulletins, calendars, leases, pledges, accounts, ledgers, endorsements, notices, reports, and analyses. If a document has been prepared in several copies, or additional copies have been made and any copy is not identical to the original (or by reason of subsequent modifications of the copy by addition of notations, or other modification or alteration, is no longer identical), each non-identical copy is a separate "document".

3. As used herein, the word "Individual" means any person, partnership, corporation or other business entity.

4. As used herein, the words "Relating to" or "relate to" means concerning, referring to, setting forth, alluding to, responding to, connected with, commenting on, in response of, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting.

5. As used herein, the words "Communication" or "communicate" means writings, telephone conversations, oral conversations other than telephone conversations, text messages, email messages, blog posts, video messages (such as through Snapchat or any other medium), web postings, and any other kind of written, electronic, or oral communication.

6. **As used herein, the phrase "Internet browser history" means all records of Internet and Web-browser generated files in electronic format, regardless of whether hard copies of the information exist. This includes Internet and Web-browser-generated history files, caches and "cookies" files stored on backup media or generated by an individual employed by W.F. Baird & Associates, Ltd. or W.F. Baird & Associates Coastal Engineering, Ltd.**

7. As used herein, the words "Describe" or "describe in detail" when used in reference to a factual situation or allegation means to state with particularity all facts known to you connected with, bearing upon or relating in any way to the matters of which inquiry is made. Where a request requires such a description and lists by way of example several categories, classes or things which may be related to the general request, the description requested should treat each thing or category individually, and if you know of no instance or factual matter relating to such category, class or thing, you should specifically so state.

8. As used herein, the words "Identify" or "identity" means:
    A. When used in reference to a natural person, state:
        i. His or her full name;
        ii. His or her present or last known address and telephone number;
        iii. His or her present or last known position, title and employer,

3

or business affiliation and telephone number.
B. When used in reference to a business entity, state:
   i. The entity's name and address;
   ii. Its principal place of business;
   iii. The legal nature of the entity, i.e. corporation, partnership, etc.;
   iv. In the case of a corporation, the state of incorporation and each state where the corporation is licensed to do business;
   v. In the case of a partnership, the name and address of each general partner;
   vi. In the case of a limited company, the state of organization and the name and address of each member; and
   vii. In the case of any business entity other than a corporation, partnership or limited company, the names and addresses of each owner.
C. When used in reference to a document, state:
   i. The type of document (e.g., letter, memorandum, printout, report, newspaper, etc.);
   ii. Its title and date and the number of pages thereof;
   iii. Its subject matter;
   iv. The author or preparer and the name and address of his or her current employer;
   v. The person or persons to whom it was directed;
   vi. Its present location; and
   vii. The identity of the person who presently has possession, custody or control of such document.
D. When used in reference to a communication that is not a document, state:
   i. The date of the communication;
   ii. The type of communication (e.g. telephone, meeting);
   iii. A summary of the content of the communication;
   iv. The place where the communication occurred;
   v. The name and address of all parties to the communication; and
   vi. The name and address of all others who participated in or witnessed the communication.

4

## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please provide an internet browser history of each employee based primarily out of Defendant's Madison, Ottawa and Oakville locations for the past 30 days from the date of these Requests.

2. Please provide an internet browser history of each employee based primarily out of Defendant's Madison, Ottawa and Oakville locations for the time period of December 1, 2013 through June 30, 2014.

3. Provide any internet use/access manuals, policies and procedures, including limitations on internet access and use, that were in effect and applicable to employees at Defendant's Madison, Ottawa or Oakville locations from January 1, 2010 through June 30, 2014.

Dated this 23rd day of October, 2018.

CROSS, JENKS, MERCER & MAFFEI LLP
Attorneys for Plaintiff

By: _____
Nicole Marklein Bacher
State Bar No. 1055685
221 3rd Avenue
P.O. Box 556
Baraboo, WI 53913
Telephone: (608) 356-3981
Facsimile: (608) 356-1179